## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JEREMY STEVENS,

      Plaintiff,

v.                          Case No.  5:19-cv-339-TKW/MJF

UNKNOWN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This case file was opened on September 12, 2019, upon Plaintiff submitting a prisoner consent form. (Doc. 1). The consent form was accompanied by a cover letter addressed to "Federal Attorney," but no complaint. (*See* Doc. 2 (deficiency order returning letter)). On September 20, 2019, this court issued an order (Doc. 2) advising Plaintiff that his letter was not a permissible pleading; that a civil action is commenced by filing a complaint; and that a *pro se* civil rights complaint must be filed on the court form.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7 (requiring parties not represented by an attorney to use the court form for filing a civil rights complaint).

The court also advised Plaintiff that a party filing a civil rights action must simultaneously pay the $400.00 filing fee or file an application to proceed *in forma pauperis* on the court form. *See* N.D. Fla. Loc. R. 5.3. The court mailed Plaintiff the

Page 1 of 3

necessary forms, and ordered him to submit the following within thirty days: (1) a notice of voluntary dismissal, or (2) a civil rights complaint on the court form accompanied by either the $400.00 filing fee or a complete application to proceed *in forma pauperis* on the court form. (Doc. 2). Plaintiff was warned that failure to comply with the order likely would result in dismissal of this case.

In response, on October 9, 2019, Plaintiff filed a motion to proceed *in forma pauperis* and supporting affidavit. (Doc. 3). The motion did not include the required financial certificate and 6-month account printout, and was not accompanied by a complaint.

Accordingly, on October 30, 2019, this court issued a Show Cause Order outlining the deficiencies in Plaintiff's filing and requiring him to show cause, within fourteen days, why this case should not be dismissed for failure to prosecute, failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*, and failure to comply with the September 20, 2019, Order. (Doc. 5). The deadline to comply with the show cause order expired on November 13, 2019. To date, Plaintiff has not complied with the September 20, 2019, Order, and has not responded to the October 30, 2019, Show Cause Order.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.      This case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's

failure to comply with orders of this court.[1]

2.      The clerk be directed to close this case file.

At Panama City, Florida, this 3rd day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").